United States District Court
Middle District of Florida
Jacksonville Division

**COLETTE EVERSON,**

    **Plaintiff,**

v.                                          **NO. 3:24-CV-762-WWB-LLL**

**BLUE CROSS AND BLUE SHIELD OF FLORIDA INC.,**

    **Defendant.**

_____

### Report and Recommendation

Plaintiff, proceeding pro se, filed an amended complaint on December 23, 2024, doc. 6; on February 18, 2025, plaintiff filed a renewed Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), doc. 9, which I construe as a motion to proceed in forma pauperis. Plaintiff's motion, *id.*, has been referred to me for a report and recommendation regarding an appropriate resolution. For the reasons discussed below, I respectfully recommend plaintiff's motion, *id.*, be denied and the amended complaint, doc. 6, be dismissed.

### Background

Plaintiff initiated this action on July 30, 2024, by filing a complaint, doc. 1; on the same date, she filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), doc. 2, which the Court construed as a motion to proceed in forma pauperis. On November 22, 2024, the Court denied plaintiff's motion without

prejudice and directed plaintiff that "[o]n or before December 20, 2024, plaintiff shall either submit an amended complaint that sets forth the factual bases for her claims and submit a renewed application to proceed without prepayment of fees or costs; or pay the filing fee." Doc. 5 at 9. Plaintiff, in compliance with the Court's Order, *id.*, filed an amended complaint on December 23, 2024. Doc. 6. However, plaintiff failed to renew her motion to proceed in forma pauperis. The Court then directed plaintiff that on or before January 28, 2025, "to either submit a renewed application to proceed without prepayment of fees or costs or pay the filing fee . . . ." Doc. 7 at 2. However, plaintiff failed to respond within the deadline provided.

As a result, the Court issued an Order to Show Cause, which directed plaintiff that on or before February 17, 2025, to "either: 1) submit an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) or (2) pay the appropriate filing fee. Additionally, plaintiff shall show cause in writing why her case should not be dismissed for lack of prosecution." Doc. 8 at 2. Plaintiff was further cautioned that failing to comply with the Court's Order "will likely result in a recommendation that plaintiff's case be dismissed without further notice." *Id.* Plaintiff then filed her renewed motion to proceed in forma pauperis, which is currently pending before the Court, doc. 9.

## Authority

As explained previously in this case, doc. 5, the Court undergoes a two-step inquiry when considering a plaintiff's request to proceed as a pauper. First, under 28 U.S.C. § 1915(a)(1), the Court may permit a plaintiff to proceed without prepayment of fees if she demonstrates she is "unable to pay such fees or give security therefor." Second, the Court considers the plaintiff's allegations under section 1915(e)(2) to determine whether the complaint: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B). If the Court finds these factors apply, it "shall dismiss the case." *Id.* § 1915(e)(2).

Further, "a district court may *sua sponte* consider subject matter jurisdiction at any stage in the litigation and must dismiss a complaint if it concludes that subject matter jurisdiction is lacking." *Jackson v. Farmers Ins. Grp./Fire Ins. Exch.*, 391 F. App'x 854, 856 (11th Cir. 2010) (per curiam) (citations omitted). District courts exercise subject matter jurisdiction either through 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity). *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The federal courts invoke federal question jurisdiction when an action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "All plaintiffs must be diverse from all defendants" to establish federal diversity jurisdiction. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999). Additionally, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

When determining whether a complaint "fails to state a claim on which relief may be granted" under section 1915(e)(2)(B)(ii), the Court applies the standard from Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading containing "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Twombly*, 550 U.S. at 555).

Pro se pleadings—where a plaintiff files without a lawyer—are "held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." *Alba*, 517 F.3d at 1252 (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nevertheless, "a court's duty to liberally construe a plaintiff's complaint . . . is not the equivalent of a duty to re-write it for her." *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993). A pro se litigant is subject to the same laws and court rules as an individual represented by counsel, including the Local Rules of the United States District Court for the Middle District of Florida and the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Moreover, "a litigant's *pro se* status in civil litigation . . . will not excuse mistakes [s]he makes regarding procedural rules." *Thompson v. U.S. Marine Corp.*, 398 F. App'x 532, 535

(11th Cir. 2010) (per curiam) (emphasis in original) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

## Discussion

In line with the authority discussed above, I again review and evaluate plaintiff's financial condition. § 1915(a)(1). The Eleventh Circuit has held that when considering a motion for leave to proceed in forma pauperis, "the only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (citation omitted). Based upon the plaintiff's submitted affidavit regarding her financial status indicating that her monthly income is $1,500, I find she is a pauper. *See* doc. 9.

Before her case can proceed, however, I must also evaluate plaintiff's amended complaint as required under § 1915(e)(2). Construing plaintiff's amended complaint liberally, I find dismissal is warranted. Plaintiff alleges that the Court can exercise jurisdiction over her claims because they involve a federal question. *See* doc. 6 at 2; § 1331. Plaintiff brings two claims alleging violations of Title VII of the Civil Rights Act (CRA) and the Pregnant Workers Fairness Act (PWFA). *See* generally doc. 6 at 2. Because both claims arise under federal law, the Court's federal question jurisdiction is properly invoked. *See* § 1331.

I now review the merits of her complaint. The incidents giving rise to plaintiff's claims stem from her prior employment with defendant Blue Cross and Blue Shield of

Florida. *See generally* doc. 6 at 4-9. Plaintiff asserts that during her tenure with defendant, she became pregnant and required accommodations resulting from "medical condition[s] related to her pregnancy and . . . difficult[y] performing daily task[s]. *Id*. Plaintiff further contends that because she was pregnant and required accommodations, her employment was terminated. *Id*. As a result, plaintiff brings two claims alleging pregnancy discrimination in violation of Title VII of the CRA (Count I) and failing to provide reasonable accommodations for conditions relating to her pregnancy in violation of the PWFA (Count II). Doc. 9 at 9-11.

A. <u>Count I fails to state a claim for pregnancy discrimination</u>

In lieu of creating new substantive provisions to protect the rights of pregnant women, Congress amended Title VII of the CRA by enacting the Pregnancy Discrimination Act (PDA). Under the PDA, the definition of sex discrimination was expanded to include pregnancy discrimination. 42 U.S.C.A. § 2000e(k); *Armstrong v. Flowers Hosp., Inc.*, 33 F.3d 1308, 1312 (11th Cir. 1994). Because pregnancy discrimination claims invoke Title VII protections, the analysis "is the same . . . [as] . . . in other Title VII sex discrimination suits." *Armstrong*, 33 F.3d at 1312–13 (citing *Maddox v. Grandview Care Center, Inc.*, 780 F.2d 987, 989 (11th Cir. 1986)). Therefore, I analyze plaintiff's pregnancy discrimination claim under the same framework as a Title VII gender discrimination claim.

To plead a cause of action for gender discrimination, plaintiff must show 1) she belongs to a protected class; 2) she was qualified to do the job; 3) she was subjected to

adverse employment action; and 4) her employer treated similarly situated employees outside her class more favorably. *E.E.O.C. v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1286 (11th Cir. 2000) (citations and quotations omitted).

Initially, I find plaintiff has sufficiently pled the first and third elements of her discrimination claim. Plaintiff accomplished this by alleging that she is pregnant—a protected class—and that she suffered an adverse employment action when she was terminated. Doc. 6 ¶¶ 19, 33. I also find that plaintiff has sufficiently pled the second element of her claim—that she is qualified for her job. By showing that "[she] has held [her] position for a significant period of time, . . ." plaintiff satisfies the burden of proving that she is qualified for her position. *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001) (citations and quotations omitted). Plaintiff alleges that she was employed as a State Account Operator with defendant for over two-years before being terminated. Doc. 6 ¶¶ 17, 33. This reflects a "substantial amount of time" and, thus adequately alleges that she was qualified to hold the position of State Account Operator at the time of her termination.

However, liberally construing the amended complaint which I do because of plaintiff's pro se status, I find plaintiff has failed to plausibly allege the fourth element of her claim. When addressing the fourth element, plaintiff, summarily states that she "has knowledge of other co-worker(s) who received accommodations [and] were treated differently and according to their ability . . . ." *Id.* ¶ 42. Plaintiff also states that she was treated differently compared to her coworkers, prompting her to request

additional accommodations and time off. *Id.* ¶ 29. However, as pled, it is unclear how plaintiff was treated differently or if the treatment was related to her pregnancy. Moreover, most of plaintiff's allegations relate to her efforts to be placed on short-term disability, and not the alleged discrimination she endured. *See id.* ¶¶ 26-32, 36. A reading of the amended complaint further suggests that plaintiff's termination resulted from her refusal to return to work while her short-term disability request was pending, not because of her pregnancy. *Id.* ¶ 31 ("During disability leave request[,] [p]laintiff was told she [would] have to return back to work in order to maintain employment . . . .").

The allegations under "Count I" (as labeled in the complaint) are likewise deficient in demonstrating discriminatory treatment by defendant. Plaintiff alleges that during her employment defendant "impos[ed] and enforc[ed] workplace policies, practices[,] and procedures against her but helped others." *Id.* ¶ 43. Again, it is unclear what policies were enforced against plaintiff and not others or what help her coworkers received that she did not. The amended complaint fails to plead with specificity allegations tending to support that plaintiff was discriminated against or terminated because of her pregnancy. Instead, the amended complaint relies on conclusory statements to establish the alleged discriminatory actions taken by defendant. Because plaintiff fails to sufficiently allege the fourth element of her claim, she does not state a claim for discrimination in violation of the Title VII. *Ashcroft v. Iqbal*, 556 U.S. at 678.

    B.    <u>Count II fails to state a claim under the PWFA</u>

Plaintiff next brings a claim for violations of the PWFA. As an initial matter, it is unclear that plaintiff can bring a claim under the FWPA. Plaintiff attempts to bring

a claim for actions that occurred before the PWFA's enactment on December 29, 2022.[1] There is a strong presumption against retroactive legislation, and plaintiff fails to cite authority to persuade the Court that the FWPA creates liability retroactively. *See Landgraf v. USI Film Products*, 511 U.S. 244, 266-70 (1994). However, in an abundance of caution, I still proceed with my analysis on plaintiff's second claim

Under the PWFA, it is unlawful for an employer to "not make reasonable accommodations to the known limitations related to the pregnancy, childbirth, or related medical conditions of a qualified employee . . . ." 42 U.S.C. § 2000gg-1(1). Liberally construing the amended complaint, I find the amended complaint fails to sufficiently plead that plaintiff was denied reasonable accommodations relating to her pregnancy. Although plaintiff sufficiently pleads that she had a medical condition relating to her pregnancy, and that her doctor placed her on work restrictions, doc. 6 ¶¶ 24-25, she fails to allege that defendant refused to accommodate those restrictions. Notably, one of plaintiff's restrictions was to work from home, and plaintiff did, in fact, work from home. *Id.* ¶ 23 ("Plaintiff worked full time from home."). Moreover, plaintiff fails to sufficiently allege what accommodations she requested—other than working from home—that defendant failed to provide. Without additional allegations, the amended complaint lacks sufficient factual matter to show plaintiff was denied accommodations. Thus, the amended complaint fails to state a claim for a violation of

---

[1] The actions giving rise to plaintiff's claim allegedly occurred between January and June 2021. *See* doc. 6 at 4-9

the FWPA. Plaintiff has already been given the opportunity to amend, see doc. 5, and so I recommend that the amended complaint be dismissed.

## Recommendation

Based on the discussion above, I respectfully recommend:

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), doc. 9, construed as a motion to proceed in forma pauperis, be **denied**.

2. Plaintiff's amended complaint, doc. 6, be **dismissed without prejudice, all pending motions be terminated**, and the Clerk be directed to **close** the file.

**Entered** in Jacksonville, Florida, on May 30, 2025.

*[signature]*
LAURA LOTHMAN LAMBERT
United States Magistrate Judge

C:
The Honorable Wendy Berger, United States District Court Judge
Colette Everson, pro se plaintiff
    P.O Box 26224.
    Jacksonville, FL 32226

## Notice

"Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Order (Doc. No. 3), No. 8:20-mc-100-SDM, entered October 29, 2020, at 6.